IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>WESTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **7:19-cr-310-LSC-HNJ** |
| ) | |
| **MATTHEW TYLER MILLER** ) | |

## MOTION FOR PROTECTIVE ORDER
## CONCERNING SENSITIVE DISCOVERY MATERIAL

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Government respectfully moves for a protective order concerning certain sensitive discovery material in this case. In support of this motion, the Government states as follows:

1. The indictment in this case alleges that the defendant produced child pornography.

2. The undersigned AUSA is preparing discovery to be provided to the defense in accordance with the Court's standing discovery order.

3. Discovery in this case will include evidence in the form of documents that may contain personally identifying information ("PII") of the defendant, the victim, and/or witnesses. This PII includes names, dates of birth, social security numbers, and residential addresses. The Government will produce and disclose this information pursuant to Rule 16 and other discovery-related rules.

4. The volume and form of documents bearing this sensitive information makes it impractical to manually redact each document.

5. To properly balance the defendant's rights with the privacy interests of those whose PII is contained in these records, the Government requests that the Court enter a protective order pursuant to Fed. R. Crim. P. 16(d)(1) that:

    a. permits the Government to disclose to defense counsel the unredacted discovery containing PII, and

    b. requires defense counsel:

        i. to use the items that contain PII only as necessary to prepare and present their client's defense;

        ii. to acknowledge that their client understands the sensitive nature of this discovery, that this discovery should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

    iii.    not to leave items containing PII in the control or custody of the defendant or any person who is not a professional member of the defense team;

    iv.    to limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain any discovery items that contain PII; and

    v.    to collect and return to the Government all paper and electronic copies of materials that contain PII at the conclusion of the litigation in this case, or, alternatively, to destroy those items and confirm their destruction to the Government.

6.    Such a protective order would provide defense counsel with needed access to discovery while appropriately protecting sensitive information.

WHEREFORE, the Government respectfully requests that the Court enter a protective order in the above-styled case.

Respectfully submitted on this the 17th day of June, 2019.

        JAY E. TOWN
        United States Attorney


        /s/ *R. Leann White*
        R. Leann White
        Assistant United States Attorney


## CERTIFICATE OF SERVICE

I certify that on June 17, 2019, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant's counsel of record.

        /s/ *R. Leann White*
        R. Leann White
        Assistant United States Attorney
        400 Meridian Street
        Huntsville, Alabama  35801
        (256) 534-8285